Attorney No. (Pro Se)

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

CHRISTY D. BROWN )
)
       Plaintiff )   CASE No.
v. )
)
WILLIAM RAINEY HARPER COLLEGE )   1:16-cv-01071
& the PNC Program Faculty Instructors )
& Parties )   Judge Rebecca R. Pallmeyer
)   Magistrate Judge Maria Valdez
       Defendants )

## PLAINTIFF'S COMPLAINT

## & PETITION FOR A (RACIALLY & CULTURALLY DIVERSE) JURY TRIAL

### FACTS

Now comes Plaintiff, Christy Brown, Pro Se, and hereby moves this Honorable Court bringing her complaint of Negligence through the action of Retaliation, Discrimination, Violation in the Nursing (PNC) program policies, Lost Employment Wages and Benefits, Defamation of the Plaintiff's Character, Emotional Distress, and Breach of confidentiality (FERPA) and violations of Christy Brown' Educational Civil Rights. Therefore, Christy is asking for $150,000 or the maximum amount that this court can award in support of this Complaint. Plaintiff states as follows:

    A. the Plaintiff, Christy Brown has reason to believe she has been retaliated against and experienced some discrimination among other federal and civil rights violation while enrolled in William Rainey Harper College's Nursing Program. The Plaintiff participated in Commencement (graduation ceremony) which took place on May 16, 2015. The Plaintiff

believes that retaliation is the real reason she has been denied her Certificate of Completion because she reported wrongdoing by the faculty staff. The Director of Nursing Julie D'Agostiono, an Employee of William Rainey Harper College, left an inappropriate voice message on Christy Brown, the plaintiff's voicemail, discussing the Plaintiff Christy Brown in a very unprofessional and disrespectful manner. Christy reported the incident to the Dean of Nursing and the Provost. After making a grievance report about the incident, Christy Brown, the Plaintiff began experiencing retaliation by the instructors among other negative nuances and violations of the Nursing Program policies such as; computer glitch issues while taking exams, being unable to view her exam scores after taking each exam (instead the computer would display a message "needs grading") and not honoring the class syllabus when grading the plaintiff Christy Brown's work.

    B. Additionally, The instructors would nullify questions for some students in order to pass them along making the grading process inequitable.

    C. The Plaintiff Christy Brown, lost her job of 3 and ½ years with the Healthcare Clinic at Walgreens in Hanover Park, due to the tactics of the instructors, in order to make it difficult for Christy in the Nursing Program; by tacking on additional and often last minute clinical schedule changes to an already set schedule, which caused the loss of Christy's job. Originally, Christy was given a clinical schedule on March 13, 2015, after being invited back into the program by the Dean and Provost after Christy made the complaint. On March 13, 2015, Christy spoke to her instructor Joella Tabaka to ensure her clinical schedule was all set and that there would be no more changes. Christy further explained to Mrs. Tabaka that should a change need to occur she would require at least 30 days' notice in order to notify her employer, explaining to the instructor that she was the only Medical Assistant at that clinic and would have

to make arrangements for another Medical Assistant to pick up her shift should clinical changes were to occur. The Plaintiff Christy's clinical schedule was intentionally being altered by Harper College's Practical Nursing Program Faculty Instructors in order to cause Christy Brown, the Plaintiff hardship in the program and also to cause conflict with her Employer

        D. As a result of losing her job and insurance benefits, Christy Brown and her family are now homeless and have suffered a great financial loss.

        E. Christy Brown was doing well academically until she made the complaint. After making the complaint to the Provost and Dean, The plaintiff Christy Brown's learning environment became hostile. Christy not only experienced hostility from the instructors but was also antagonized by some students in the same program as a result of the faculty making program changes to its policies during the semester. A few of her close classmates informed her that the students in the class were told that she was the cause of the program changes because of her complaint .(A clear violation of the Family Educational Right and Privacy Act ( FERPA))

        F. Christy experienced inappropriate, discriminatory and defamatory remarks from her instructor, with comments like; " I can't stand that nigger" or "I didn't get you pregnant and therefore you won't pass". Even after reporting these incidents, the instructors were not held accountable for their actions. Instead, Christy, was made to feel uncomfortable by students in the program as there was no advocate or mediator able to stop the harassment and antagonizing behavior of the faculty instructors and classmates which Christy was subjected to. (Although, The Dean, Mrs. Kimberly Chavis did try to stop the harassment and antagonizing behavior by addressing the class). However, the retaliation and harassment became worse.

        G. The plaintiff Christy's privacy has been invaded, as an instructor Joella Tabaka discussed Christy's grades and other private personal background records to some of the

students.(A clear violation of FERPA) This added to Christy being further harassed and shown resentment and hostility not only from the instructors but also by some of her classmates. This is evidenced by the harassment made on the Plaintiff's Gofundme page. (an exhibit shows a student name Sumbul Nazar Khan making slanderous remarks and making statements which prove the faculty leaked private and confidential file information among other private information that only the Defendant, William Rainey Harper College had access to).

      H. The Plaintiff and her spouse Edward were told that her spouse Edward could not be on the second floor of the Avante Building, even though he was a student himself and he did not do anything to anybody, (A clear violation of their student rights). The Plaintiff and her spouse both took turns watching their child in order to go to their classes, as they could not afford childcare.

      I. The Plaintiff's credit card was charged for more than $200 for graduation photos and graduation announcements, even though the plaintiff was assured by faculty staff, that students would not be charged until the school notified the photography company of which students were actually going to graduate. However, Christy was sent her class photo, graduation photos and announcements and then told during graduation week that she is the only student on the class photo who won't be receiving her certificate.

      J. Two Caucasian students, Erin Williams and Haley Warman who also made complaints about the program, who also were previously dismissed from the program during the semester and allowed to return to the program were offered an additional special program and extended clinical and class time as, the Defendants were only willing to work with those students. They have been allowed to graduate and earn their certificates. Yet, the school has been unwilling to allow the plaintiff the same opportunity which they offered Erin and Haley. This

demonstrates racial discrimination as Christy is a minority student and the other students are non-minority students who were offered the "special opportunity".

K. The Defendants and the PNC Nursing program faculty's tactic to include only test scores while not including other "mandatory" assignments in grading is unfair, nullifies all of the hard work and effort put in by the plaintiff and any student and is a clear violation of the syllabi provided by the Defendant and their faculty and its own (William Harper College's program handbook) as well as the Plaintiff's student rights.

Please Note: Exhibit Proofs will be provided in court

## APPLICABLE LEGAL STANDARDS

Pursuant to the Educational Opportunities section enforces federal laws that protect students from harassment or discrimination. The section is responsible for enforcing Title IV of the Civil Rights Act of 1964, which prohibits discrimination on the basis of race, color, creed, national origin, sex, and religion in public schools and institutions of higher learning; the Equal Educational Opportunities Act of 1974 which, among other things, requires states and school districts not discriminate on the person's disabilities according to the Americans with Disabilities Act, which prohibit disability discrimination. The Section also plays a significant role in enforcing Title VI of the civil Rights Act of 1964(prohibiting discrimination on the basis of race, color and national origin by recipients of federal funds); Title IX of the Educational Amendments of 1972(prohibiting discrimination on the basis of sex by recipients of federal funds); and Section 504 of the Rehabilitation Act and the individuals with disabilities Education Act (both of which address disability discrimination and appropriate disability related services). Retaliation is prohibited. Retaliation is defined as adverse action against an individual who has (10 complained about alleged discrimination, harassment or retaliation, (2) participated as a party

or witness in an investigation relating to such allegations, or (3) participated as a party or witness in a court proceeding or administrative investigation relating to such allegations. Retaliation by any member of the educational community, including students, faculty and staff is prohibited by state and federal law and violates the Defendant's( William Rainey Harper colleges own policy. Some examples of unlawful retaliation include: **A professor giving a student a lower grade because s/he reported harassment; a student barring a classmate from membership in a student run organization because s/he filed a complaint with the title IX coordinator; an institution of higher Learning refusing to investigate an incident because a student filed a prior complaint under the University's anti-discrimination policy; any member of a college campus community encouraging others to not participate in an investigation relating to a complaint of discrimination.**

Discrimination on the basis of sex is prohibited by Title IX of the Education Amendments of 1972, 34 C.F.R. Part 106, and other laws. State and Federal law also prohibit discrimination on the basis of each of the above enumerated characteristics.

Harassment on the basis of Sex Defined Harassment on the basis of sex is a violation of Title VII of the Civil Rights Act of 1964 and Title IX of the Education Amendments of 1972. Harassment on the basis of sex includes (1) verbal or physical behavior that explicitly or implicitly demeans the gender of an individual and (2) sexual harassment. In the employment context, the EEOC, which enforce Title VII, defines sexual harassment as follow: Unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature constitutes sexual harassment when (1) submissions to such conduct is made either explicitly or implicitly a term or condition of an individual's employment;(2) submission to or rejection of such conduct by an individual is used as the basis of decisions affecting such

individuals; or (3) such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile or offensive environment.

## ARGUMENT

Some examples of the nuances Christy experienced after making the complaint:

1. Christy Brown, the plaintiff's complaint not only meets but exceeds the standards governing the form of a complaint contemplated by Federal Rule of Civil Procedure 8(a).

2. The complaint <u>does</u> set forth a cause of action for either an account stated civil rights violation and violation of their program policies and Christy's educational and students rights as demonstrated below.

3. Christy Brown, Plaintiff, has proof in the form of exhibits for all of her allegations set forth in her complaint, which are stated facts in the complaint.

4. **The Defendant, William Rainey Harper College does not want the facts of the case to be discovered nor evidence entered into court for fear of discovery of wrong doing by William Rainey College.**

5. The Plaintiff actually did take out a loan for the Program and was held to a professional standard but received unprofessional, unfair, hostile and discriminatory treatment while participating in the Nursing program.

6. The court must disregard unsupported, conclusory statements. *Estate of Blakely v. Federal Kemper Life Assurance Co.*, 267 Ill. App.3d 100, 105, 640 N.E.2d 961, 965 (2nd Dist. 1994), *appeal denied*, 159 Ill.2d 566, 647 N.E.2d 1008 (1995) (a court will disregard all conclusions in an affidavit). Morrison v. Amway corp., 323 F.3d 920, 925 (11th Cir. 2003), The Eleventh Circuit cautioned *"that the district court only rely on Rule 12(b)(1)"if the facts necessary to sustain jurisdiction do not implicate the merits of the*

*plaintiff's cause of action."* Garcia, 104 F.3d at 1261(If a jurisdictional challenge does implicate the merits of the underlying claim then : The proper course of action for the district court …is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case…Judicial economy is best promoted when the (quoting Williamson . Tucker, 645 F.2d 404, 415-16 (5th Cir. 1981) case is dismissed on the merits. This refusal to treat indirect attacks on the merits as Rule 12(b)(1) motions provides, moreover, a greater level of protection for the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under rule 12(b)(6)…or rule 56…both of which place great restrictions on the district court's discretion…Id.

7. The court has subject matter jurisdiction, despite any of the Defendant's claim to the contrary.

8. Christy Brown, Plaintiff is willing to settle **only** if the Defendants will agree to the Plaintiff's request for remedies in the amount of an award of Christy's Certificate and $150,000 **OR** if the Defendants are unwilling to agree to the terms of this settlement amount, the Plaintiff is asking the court for the maximum amount that this court can award.

## CLOSING STATEMENT

Why the Plaintiff, Christy Brown is seeking ($150,000) such remedies and information to support the request:

a. The Plaintiff, Christy Brown took out a loan for the program in the amount of $18,000 not including interest on the loans, fees and other cost incurred which the

school charged ($425).

b.    The Plaintiff, Christy Brown traveled to all of her mandatory classes and clinicals and was present and on time as scheduled for them. Charges estimated in the amount of ($1500) in fuel costs for the year to meet the mandatory standards of the program.

c.    The Plaintiff, Christy Brown lost her job of approximately 3.5 yrs., where she was making a salary of ($40,200/yr) due to the instructor constantly manipulating and changing an already predetermined clinical schedule. As a result, Christy has had a difficult time finding new healthcare employment after losing her job.

d.    The Plaintiff, Christy Brown suffered emotional distress and mental anguish due to being the subject of retaliation from the school faculty, bullying and harassment from students as a result of the hostile environment. Christy was pregnant during the last semester of school while enduring the hostility and suffered physical (diagnosed as pre-hypertensive) and emotional trauma. (a $20,000 value)

e.    The Plaintiff, Christy Brown lost her insurance benefits through her Employer where she had Blue Cross Blue Shield PPO services. Christy Brown was forced to get on "Public Assistance"( welfare and applied for Medicaid) in order to have insurance coverage during the birth of her child which was delivered on 7/21/15, which was also humiliating as Christy desires to be self-sufficient and this was the sole reason she enrolled in the program.( a $20,000 value).

Christy Brown lost her housing as a result of losing her employment. (a $10,000

value).

f.   Christy Brown, Plaintiff enrolled in the program in order to obtain a career to support her family financially and believed the program would be equitable and fair to all of the students and Christy Brown did not want to have to become destitute or have to turn to welfare.( This is something that a price cannot be put on because Christy Brown, Plaintiff has been denied her certificate which she worked really hard for and the effort put in only to be treated inequitably and she was humiliated by faculty and students as well as endured physical stress while Christy was participating in the program(ex: *lifting patients, driving long distances, waking up extremely early for clinicals, being forced to repeat some clinicals only for them not to be counted is above the maximum amount that the court can award.*) )

g.   Christy's Brown had been offered a position from her former Employer contingent that she graduated and received her state license. Christy's starting Salary as an LPN would have been $50,000.

WHEREFORE, Defendant prays that this Honorable Court will allow the Plaintiff Christy Brown an equal opportunity to have the facts of the case to be presented, to have her case heard, evidence discovered and to strike the Defendant's affidavit in its entirety, as well as to dismiss all of the Defendant's complaints with prejudice.

*Christy D. Brown*, Pro Se

Christy D. Brown
PO Box 10378, Chicago, IL 60610

Attorney No. (Pro Se)

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| CHRISTY BROWN ) | |
| ) | |
| Plaintiff ) | CASE No. |
| v. ) | |
| ) | |
| WILLIAM RAINEY HARPER COLLEGE ) | |
| & the PNC Program Faculty Instructors ) | |
| & Parties ) | |
| ) | |
| Defendant ) | |

### NOTICE OF FILING

To: William Rainey Harper College
      & the PNC Program Faculty Instructors & Parties
      1200 Algonquin Rd
      Palatine, IL 60067

**Please take notice** that on January 25, 2016, Christy D. Brown filed with the United States Court for the Northern District of Eastern Illinois her Complaint and request for a jury trial, a copy of which is served herewith.

Respectfully Submitted

*/s/ Christy D. Brown*
Christy D. Brown, Pro Se

### CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2016, I presented the foregoing notice. I served this notice by delivering a copy by mailing a copy to whom it is directed and depositing the same in the U.S. mail at in _____, Illinois with the proper postage.

*/s/ Christy D. Brown*
Signature

Christy D. Brown, Pro Se
PO Box 10378,
Chicago, IL 60610