**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTY D. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16 C 1071 |
| | ) | |
| WILLAM RAINEY HARPER COLLEGE, | ) | Judge Rebecca R. Pallmeyer |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant's motion to dismiss [10] is granted. Plaintiff's original complaint [1] and her first amended complaint [18] are dismissed without prejudice. Plaintiff has leave to file a second amended complaint on or before August 8, 2016, consistent with the directions in this order. She is urged to consult with staff in the Pro Se Help Desk in preparing that amended complaint. Status conference is set for September 8, 2016 at 9:30 a.m.

## STATEMENT

Plaintiff Christy Brown, a former student in Defendant William Rainey Harper College's nursing program, has sued the College for alleged violation of her rights. Ms. Brown's original complaint alleged that the College is guilty of "Negligence through the action of Retaliation, Discrimination, Violation in the Nursing (PNC) program policies, Lost Employment Wages and Benefits, Defamation of the Plaintiff's Character, Emotional Distress, and Breach of confidentiality (FRPA) and violations of Christy Brown' Educational Civil Rights." Ms. Brown's original complaint included a lengthy narrative, describing various episodes during Ms. Brown's tenure as a nursing student. The court reviewed the complaint and, in a February 16, 2016 order, summarized the allegations, dismissed the claims against individual Defendants, and set an April 16 status date.

Defendant College filed a motion to dismiss on April 18, 2016 [10], and Plaintiff responded by seeking leave to file an amended complaint [18]. She asserts in her motion,

however, that the original complaint is itself sufficient and states "many causes of action." She recounts at least some of those claims in an amended complaint, asserting that she borrowed funds to attend the College but was treated unfairly on the basis that she is an "African American nontraditional aged Female student who participated in their limited diverse Nursing program" and reported wrongdoing. She claims she is now unable to find employment as a medical assistant, a job she had performed before enrolling. The amended complaint, like the first one, includes a number of conclusory allegations:

- Ms. Brown complained about an "unprofessional voicemail" that made negative references to her character and religious background
- She suffered retaliation for making a complaint to the "office of civil rights";
- She suffered bullying and harassment as a consequence of breach of confidentiality; and
- Her instructor manipulated and changed the class schedule.

Other allegations identify the losses Ms. Brown suffered as a result of the alleged wrongdoing:

- She took out a loan, traveled to classes, and incurred fuel costs.
- She lost a job she had held for 3-1/2 years because of changes in class scheduling; as a result, she lost employer-paid insurance benefits and housing.
- She paid to sit for the NCLEX-PN board exam and paid the fee, but was not permitted to take the exam because Harper College did not give her a certificate
- Harper College made an offer to settle a state court case Ms. Brown filed, but then but withdrew the offer.
- She did not get an expected job offer from her employer because she did not finish the Harper College program.
- She has suffered emotional distress.

The court presumes the truth of Ms. Brown's allegations and construes them liberally. In its current form, however, the complaint does not give Defendant fair notice of the claims against it, or the grounds on which they rest. Ms. Brown will have 28 days in which to file an amended complaint, and is urged to consult the Pro Se Litigants Help Desk in our Clerk's office. The amended complaint should, for example, provide the following information:

Who made an "unprofessional voicemail"? When was it made, and to whom was it directed? What were the contents of that voicemail, and specifically, what reference did it make to Ms. Brown's character or her religious background? How was Ms. Brown harmed by this voicemail?

What was the nature of the complaint Ms. Brown made to the Office of Civil Rights? When did she make that complaint, and to whom was it made? What is the retaliation Ms. Brown suffered in response? Who was it that retaliated against her, and what supports the conclusion that any harsh treatment is retaliatory?

What is the "breach of confidentiality" to which Ms. Brown occurs? When and how did that breach take place, and who was involved? What law or regulation, if any, protects the information at issue?

Ms. Brown is not required, at the pleading stage, to identify person[s] outside the protected class who were treated more favorably than she. The court warns, however, that without more information, some of the allegations she has made do not appear to state a federal claim. The instructor's changes in the class schedule, for example, are not actionable if the changes applied to everyone in the class. An "unprofessional voicemail" does not violate federal law unless it had tangible consequences. To show that she was discriminated against on the basis of race, religion, or in retaliation for a previous complaint, Ms. Brown will ultimately need to present evidence that the incidents she complains of involve conduct aimed at her for prohibited reasons. One effective way of doing so would be for her to present evidence that persons who did not make complaints, or persons who are not African-American or are not of

Ms. Brown's religion, were treated more favorably in similar circumstances.

Finally, the court reminds Ms. Brown that information concerning settlement efforts is ordinarily not admissible. The court does, however, encourage the parties to discuss a possible settlement of this dispute.

ENTER:

July 11, 2016

_____
REBECCA R. PALLMEYER
United States District Judge